UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

VERDIE BERTRAM                                                                                      PLAINTIFF

v.                                                                           CIVIL ACTION NO. 3:06CV-362-S

METLIFE                                                                                             DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, Metropolitan Life Insurance Company ("MetLife") to set aside the March 20, 2006 default judgment and July 17, 2006 order and judgment entered by the Jefferson Circuit Court (DN 4). In response to the motion, the plaintiff, Verdie Bertram, has moved to stay the ruling on the motion to set aside the default and has moved for remand to the state court (DN 7).

On June 6, 2005, Bertram filed a complaint in the Jefferson County, Kentucky, Circuit Court alleging wrongful denial of long and short term disability benefits in violation of the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, as well as a number of state law claims. Bertram identified MetLife's mailing address on both the complaint and summons as "P.O. Box 14592, Lexington, KY 40511-4592," and designated that service was to be made through the Secretary of State on this foreign insurer. Thereafter, the Secretary of State sent a copy of the summons and accompanying documents via certified mail to the post office box address provided by Bertram. The post office box was, in actuality, a mail vendor for MetLife. Despite the fact that an employee of the mail vendor, Michael W. Simmons, signed for the items, MetLife claims herein that it was not properly served by such a mailing to a

post office box. MetLife asserts that it did not learn about the suit until July 17, 2006, after default and damages judgments had been entered by the state court.[1]

MetLife did not answer the complaint in the Jefferson Circuit Court. Default judgment was entered against it on March 20, 2006. On July 3, 2006 the court conducted a hearing on damages. On July 17, 2006, the court entered an order and judgment against MetLife awarding a sum for past and future long term disability benefits and post judgment interest.

On July 17, 2006, during a discussion concerning another MetLife benefits case, Robert Florio, Esq., counsel for Bertram, related that he had just obtained judgment against MetLife in this case. Ten days later on July 27, 2006, MetLife removed the action to this court and filed the present motion to set aside the state court judgments.

Bertram opposes MetLife's motion, contending that removal of the action to this court was untimely and, in any event, service was properly accomplished on MetLife. She seeks remand of the action to state court on the ground that this court lack jurisdiction.

Bertram urges the court to find MetLife's removal to be untimely. 28 U.S.C. § 1446(b) states:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...

The rule makes clear that the thirty-day removal period runs from the date of receipt by the defendant of the initial pleading obtained otherwise than by service. Here, there is no dispute that MetLife obtained the initial pleading upon its own inquiry on July 17, 2006 after learning of the existence of the action for the first time. However, Bertram would have the court find that the service to the post office box address was proper and thus effective to begin the thirty-day clock for

---

[1] There does not appear to be any dispute that MetLife had no knowledge of the state court action until July 17, 2006.

removal. Thus both the motion to remand and the motion to set aside the judgments depend upon the matter of the sufficiency of service.

MetLife has moved under Fed.R.Civ.P. 55(c) and 60(b) to set aside the judgments. Rule 55(c) states that "[f]or good cause shown, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Rule 60(b) requires that a motion for relief from judgment must be made within a reasonable time after entry of the judgment. Among other bases, the rule permits relief from judgment upon motion and upon such terms as are just where the judgment is void. Fed.R.Civ.P. 60(b)(4).

We find the case of *Foremost Insurance Company v. Whitaker*, 892 S.W.2d 607 (Ky.App. 1995) to be dispositive herein. In *Foremost*, the court held that a default judgment entered under virtually the same facts as the case at bar was void for lack of personal jurisdiction. In that case, the Secretary of State received service and summons issued against Foremost Insurance Company, a Michigan corporation licensed to do business in Kentucky. Foremost had a designation of an agent for the receipt of lawful process on file with the Secretary of State. In accordance with KRS 304.3-230(a)(5), the Secretary of State mailed a copy of the summons and complaint to Foremost at a post office box address, but omitted the individual designated by Foremost to receive process. An employee of the mail delivery service who retrieved mail from the box signed for the letter, but Foremost never received it. Nor did it learn of the suit until after default judgment had been entered and damages had been awarded. Immediately upon discovery of the judgments against it, Foremost moved to have them set aside. The Kentucky Court of Appeals held that

> [T]he Secretary of State's failure to mail a copy of the process to Foremost's designated agent as required by KRS 304.3-230(5) rendered the service insufficient...[B]ecause service upon Foremost by the Secretary of State was insufficient, the default judgment entered by the trial court was void under CR 60.02(e) for want of personal jurisdiction."

*Foremost Insurance Company*, 892 S.W.2d at 610.

The court reasoned that

- 3 -

> KRS 304.3-230 designates the Secretary of State as attorney for service of process on foreign insurers. In pertinent part, that statute provides:
>
> (1) Upon issuance of a certificate of authority to do business in this state, the following shall be deemed to have appointed the Secretary of State as their attorney to receive service of lawful process issued against them in this state:
>
> (a) Foreign or alien insurers;
>
> ...
>
> (5) If the Secretary of State is by law the lawful attorney for service of process, the clerk of the court in which action is brought shall issue a summons against the defendant named in the complaint and shall serve by certified mail, return receipt requested, two (2) true copies of the summons with two (2) attested copies of plaintiff's complaint to the Secretary of State. The Secretary of State shall immediately mail a copy of the summons and complaint to the defendant; if an authorized insurer, *to the person designated pursuant to subsection (7) of KRS 304.3-150...*
>
> (emphasis added).
>
> The statute in unequivocal language required the Secretary of State to mail a copy of the summons and complaint to Foremost's designated agent (Mr. Blue). This he did not do. Rather, the process was generally addressed to "Foremost Insurance Company" at its mailing address.

*Foremost Insurance Company*, 892 F.2d at 609.

The facts at bar are strikingly similar to those in *Foremost*. MetLife, being licensed to do business in the state, had designated CT Systems as its agent for service of process. The Secretary of State, however, mailed the documents to the post office box listed by the plaintiff on the complaint and summons. As in *Foremost*, an employee of MetLife's mail delivery service signed for the documents, but MetLife never received the summons and complaint. Nor was it aware of the suit until after judgments were entered. We find no appreciable distinction between this case and *Foremost*. We therefore conclude that the judgments against MetLife in the Jefferson Circuit Court are void for lack of personal jurisdiction.

This court may set aside a default judgment entered by the state court. *Munsey v. Testworth Laboratories*, 227 F.2d 902 (6th Cir. 1955), *citing,* 29 U.S.C. § 1450, and *Savell v. Southern Railway*

*Co.*, 93 F.2d 377 (5th Cir. 1937)("When a case is removed the federal court takes it as though everything done in the state court had in fact been done in the federal court"). *See also, Cotter v. U.S.*, 2006 WL 3253289 (W.D. Mich. Nov. 8, 2006), *quoting, Munsey, supra.* We find that good cause has been shown for setting aside the default and damages judgments. Service upon MetLife having been insufficient, the judgments are void.

Finally, we reject Bertram's suggestion that the action was not removable from the Jefferson Circuit Court because of the concurrent jurisdiction of state and federal courts over claims for wrongful denial of benefits. As explained in *Menhorn v. Firestone Tire & Rubber Co.*, 738 F.2d 1496, 1500, n. 2 (9th Cir. 1984),

> Congress's enforcement scheme vests jurisdiction over most types of ERISA civil actions, *see* 29 U.S.C. §§ 1132(a)-(c), exclusively in the federal courts. *Id.* 1132(e)(1). Jurisdiction over actions brought under *id.* § 1132(a)(1)(B) to recover benefits or enforce rights under a plan, however, is vested concurrently in state and federal courts. *Id.* § 1132(e)(1). Congress's choice to vest jurisdiction over one class of ERISA civil actions in both the state and federal courts is in no way inconsistent with its intent to create a comprehensive scheme of federal common law in the area. State as well as federal courts may be expositors of federal law. *See, e.g., Allen v. McCurry*, 449 U.S. 90, 103-05, 101 S.Ct. 411, 419-20, 66 L.Ed.2d 308 (1980); *Martin v. Hunter's Lessee*, 14 U.S. (1 Wheat.) 304, 340-42, 4 L.Ed. 97 (1816)...Congress simply increased the number of forums to which a claimant might have access in these cases, presumably both to increase the claimant's options and also to mitigate to some degree the burden on the federal courts resulting from ERISA. Either party of course retains the right of access to a federal forum in actions ERISA governs irrespective of diversity of citizenship or amount in controversy, plaintiff by filing there, 29 U.S.C. § 1132(e)(1), and defendant by removing, 28 U.S.C. § 1441.

*See also, Chilton v. Savannah Foods & Industries, Inc.*, 814 F.2d 620 (11th Cir. 1987); *generally, Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Bertram's motion to remand must be denied inasmuch as the action was properly removable under § 1441 and removal was accomplished in a timely manner.

- 6 -

For the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that

1.  The motion of the plaintiff, Verdie Bertram, to stay ruling and to remand the action to state court (DN 7) is **DENIED**.

2.  The motion of the defendant, Metropolitan Life Insurance Company, to set aside the March 20, 2006 default judgment and July 17, 2006 order and judgment entered by the Jefferson Circuit Court (DN 4) is **GRANTED** and the judgments are **VACATED**.

**IT IS SO ORDERED**.